IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC TAYLOR, | ) |
|     Plaintiff, | ) |
| v. | ) Civil No. 23-797 |
| RALPH KARSH, | ) |
|     Defendants. | ) |

**OPINION and ORDER**

Eric Taylor, proceeding pro se and requesting in forma pauperis status, commenced this action by way of a "Complaint for Violation of Civil Rights (Prisoner Complaint)." ECF No. 1-2. The Complaint purports to allege civil rights violations under 42 U.S.C. § 1983 against Mr. Taylor's former defense counsel, Defendant Ralph Karsh. Mr. Taylor alleges that Mr. Karsh violated Mr. Taylor's rights secured by the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Mr. Taylor alleges that Mr. Karsh failed to properly communicate with him during Mr. Taylor's criminal matters and failed to properly manage his state criminal matters. Mr. Taylor alleges that Mr. Karsh's allegedly deficient conduct resulted in severe and harsh legal consequences for Mr. Taylor. After reviewing the Complaint the Court concludes that Mr. Taylor has not sufficiently stated a claim, therefore this action will be dismissed.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court must determine whether the litigant is indigent within the meaning of 28

U.S.C. § 1915(a).  The Court finds Mr. Taylor to be without sufficient funds to pay the required filing fee.  Thus, he will be granted leave to proceed in forma pauperis.

Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B).  In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Id. at 327.  An example of the first is where a defendant enjoys immunity from suit.  Id.  An example of the second is a claim describing a factual scenario which is fantastic or delusional.  Id. at 328.  In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

A review of Mr. Taylor's Complaint reveals that it fails to state a claim upon which relief can be granted.  Mr. Taylor is representing himself and therefore his pleadings are not held to the standard of a trained member of the bar.  Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements." *Graves v. Wetzel*, No. 15-CV-205 (BJR), 2017 WL 771259, at *1 (W.D. Pa. Feb. 28, 2017) (citing *Boag v. MacDougall*, 454 U.S. 364 (1982)).

A plain reading of the Complaint shows that Mr. Taylor asserts only claims that his civil rights and constitutional rights were violated under 42 U.S.C. § 1983.  To sustain a section 1983 claim, a plaintiff must allege that his constitutional rights were violated "by a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Mr. Taylor does not allege that Mr. Karsh, his private, retained defense counsel, was acting under color of state law in conjunction with his representation. Even if Mr. Taylor had alleged that Mr. Karsh was a state actor, the allegation would fail as a matter of law as a criminal defense counsel is not a state actor. *Steward v. Meeker*, 459 F.2d 669 (3d Cir.1972) (privately retained counsel does not act under color of state law when representing client); *Thomas v. Howard*, 455 F.2d 228 (3d Cir.1972) (court-appointed attorney does not act under color of state law); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law). Since Mr. Karsh is not a state actor, the Complaint fails to allege any action by a state actor that deprived Mr. Taylor of his Constitutional rights. Therefore, he has failed to state a claim under 28 U.S.C. § 1983 upon which relief can be granted.

Next, the Court reviews Mr. Taylor's pro se Complaint to discern if there are any valid claims on which Mr. Taylor could prevail. *Graves*, 2017 WL 771259, at *1. Mr. Taylor supports his stated section 1983 claims with allegations that Mr. Karsh has committed legal malpractice in handling Mr. Taylor's criminal matters. Mr. Taylor also alleges that Mr. Karsh has breached the representation contract entered into between Mr. Karsh and Mr. Taylor. A review of the allegations shows, however, that Mr. Taylor is merely describing Mr. Karsh's allegedly deficient conduct in support of the section 1983 claims. The Court concludes that Mr. Taylor is not asserting state law claims of legal malpractice or breach of contract against Mr. Karsh. Even if such state law claims were properly plead, this court presently does not have jurisdiction over such claims. There is no independent surviving federal claim upon which to base jurisdiction over pendant state law claims. Nor does diversity jurisdiction exist as both Mr. Taylor and Mr. Karsh reside in Pennsylvania. Finally, while Mr. Taylor has the ability to

challenge his incarceration or sentence through the filing of a state habeas petition under 28 U.S.C. § 2241, he has not done so in the present action. Moreover, a section 2241 action would not be cognizable against Ralph Karsh, an individual attorney who represented Mr. Taylor.

Mr. Taylor has also filed a Motion for Appointment of Counsel. ECF No. 1-3. Pursuant to statute, the Court has the authority "to *request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, Mr. Taylor has no right to appointed counsel. "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). In light of the Court's dismissal of Mr. Taylor's Complaint, his request for the appointment of counsel is denied.

Finally, the Court must consider whether to grant leave to amend the complaint before dismissal. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002). "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Id.* The Court finds that it would be futile to permit amendment as to any of Mr. Taylor's claims. No amended claim will permit Mr. Taylor to state a section 1983 claim against non-state actor Mr. Karsh. Similarly, without proper jurisdiction in this Court, it would be futile for Mr. Taylor to assert potential state law claims of malpractice or breach of contract. Accordingly Mr. Taylor's claims brought pursuant to section 1983 will be dismissed without leave to amend.

## ORDER

AND NOW, this 5th day of June 2023, for the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion to Proceed in forma pauperis (ECF No. 1) is hereby GRANTED. The Clerk of Court shall file Plaintiff's Complaint.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 1-3) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief can be granted.

Leave to amend the Complaint is denied, as such would be futile.

_____
Marilyn J. Horan
United States District Court Judge

cc:   Eric Taylor, pro se
      MQ3696
      SCI Huntingdon
      1100 Pike Street
      Huntingdon, PA 16654-1112